Ronald G. Pyle II, Pro Se'
720 bluefield ave.
Turlock, Ca. 95382
209-505-7481



**FILED**

FEB 27 2012

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
        DEPUTY CLERK

UNITED SATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Ronald G. Pyle II,<br><br>       Plaintiff,<br><br>vs.<br><br>FIRST NATIONAL COLLECTION<br>BUREAU, INC.<br>       Defendant | Case No.:  1:12 CV 00288 AWI SKO |

# ORIGINAL COMPLAINT
# VIOLATION OF FAIR CREDIT
# REPORTING ACT
# 15 U.S.C. 1681 et seq.

**TO THE CLERK OF THE COURT AND TO THE DEFENDANT HEREIN:**

## PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

**Comes now** the Plaintiff Ronald G. Pyle II:

1. Plaintiff's Complaint is based on the Fair Credit Reporting Act (FCRA) 15 U.S.C. § 1681 et seq.

### PRELIMI/INTEGRITYNARY STATEMENT

2. This is an action for damages; brought for damages for the violation of the Fair Credit Reporting Act (FCRA) 15 U.S.C. § 1681 et seq.

## JURISDICTION

3. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1681p and 28 U.S.C. §1331et seq.

4. All conditions precedent to the bringing of this action have been performed.

## PARTIES

5. The Plaintiff in this lawsuit is Ronald G. Pyle II, a natural person, who resides in Stanislaus County, California.

6. The Defendant in this lawsuit is FIRST NATIONAL COLLECTION BUREAU, INC. (hereinafter "FNCB or Defendant"). An unknown entity with offices at: 610 Waltham way Sparks, NV. 89434

## VENUE

7. The occurrences which give rise to this action occurred in Stanislaus County, California and Plaintiff resides in Stanislaus County, California.

8. Venue is proper in the Eastern District of California Fresno Division.

## FACTUAL ALLEGATIONS

9. The FCRA, under **CONGRESSIONAL FINDINGS AND STATEMENT OF PURPOSE, 15 U.S.C. 1681(a)(4)** reads in relevant part: "There is a need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a **respect for the consumer's right to privacy**". (Emphasis added).

10. The FCRA, under **CONGRESSIONAL FINDINGS AND STATEMENT OF PURPOSE, 15 U.S.C. 1681(b)** reads in relevant part: "(b) Reasonable procedures. It is **the purposes of this title** to require that consumer-reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable **to the consumer**, with regard to the **confidentiality**, accuracy, relevancy, and proper utilization of such information in accordance with the requirements of this title". (**Emphasis added**).

11. Thus, the strictly limited provisions set forth in section 1681(b) operate to support the **confidentiality** of consumer reports by limiting their dissemination.

12. On or about July of 2011 Plaintiff received his credit report from a major credit-reporting agency TransUnion and discovered an entry by an entity that was unknown within the credit report.

13. Upon information and belief, Plaintiff found after examination of his TransUnion credit report that Defendant, "FNCB" had **obtained** Plaintiff's **private** consumer credit report on November of 2009 without his expressed consent or permissible purpose.

14. Discovery of violations brought forth herein occurred on or about July of 2011 and are within the statute of limitations as defined in FCRA, 15 U.S.C. § 1681p.

15. Defendant is in violation of the FCRA, 15 U.S.C. § 1681b by **obtaining** Plaintiff's credit report without a permissible purpose from TransUnion, because at or about the time that Defendant obtained Plaintiff's credit report, **none of the specific** and **strictly limited** circumstances granting permissible purpose under section 1681(b) applied to Defendant.

16. At or about the time Defendant obtained Plaintiff consumer credit report:

   a. Plaintiff did not authorize consumer reporting agency TransUnion to furnish his consumer report to Defendant.

   b. Plaintiff did not authorize Defendant to obtain his consumer report from TransUnion.

   c. Plaintiff did not apply for any credit, loan, or services with Defendants.

   d. Plaintiff did not have any contractual relationship for credit, loan, or services with Defendants.

   e. Plaintiff did not owe any debt to Defendant.

   f. Plaintiff did not owe any debt as the result of a judgment to Defendant.

   g. Plaintiff did not apply for any employment with Defendant.

   h. Plaintiff did not apply for any insurance from Defendant.

   i. Plaintiff did not have any existing credit obligation with Defendant.

   j. Plaintiff was not named as an "authorized user" on any account with Defendant.

   k. No court having jurisdiction issued any order to TranUnion to furnish Plaintiff's consumer report to Defendant.

   l. No head of State or local child support enforcement agency requested TransUnion to provide Plaintiff's consumer report to Defendant.

   m. No agency administering a state plan under §454 of the Social Security Act (42 U.S.C. § 654) requested TransUnion to provide Plaintiff's consumer report to Defendant.

   n. Plaintiff did not receive any "firm offer of credit or insurance" from Defendant.

## COUNT I

### VIOLATION OF THE FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. §1681 WILLFUL NON-COMPLIANCE BY DEFENDANT "FNCB"

17. Paragraphs 1 through 16 are realleged as though fully set forth herein.

18. Plaintiff is a consumer within the meaning of the FCRA, 15U.S.C. § 1681a(c).

19. TranUnion is a credit reporting agency within the meaning of the FCRA, 15 U.S.C. § 1681a(f).

20. Consumer credit report is a consumer report within the meaning of FCRA, 15 U.S.C. §a(d).

21. The FCRA, 15 U.S.C. § defines the permissible purposes for which a person may obtain a consumer credit report.

22. Plaintiff has never at anytime had any business dealings or **accounts** with the Defendant "FNCB".

23. At no time did Plaintiff give his consent for Defendant "FNCB" to acquire his TransUnion consumer credit report from any credit reporting agency.

24. The action of Defendant "FNCB" **obtaining** the consumer credit report on November of 2009 with no permissible purpose or Plaintiff's expressed consent, which is a willful violation of FCRA, 15 U.S.C. § 1681b and an egregious violation of Plaintiff's right to privacy.

**Wherefore, the elements of a <u>valid cause of action</u> have been established herein through the injury of Plaintiff's right to privacy, the damages are statutory and the element of redressability is through this competent court. Therefore Plaintiff respectfully demands judgment of $1000.00, for statutory damages against Defendant "FNCB" and costs so determined by this Honorable Court pursuant to 15 U.S.C. § 1681n.**

### DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Respectfully submitted this 20th day of February 2012.

*[signature: Ronald H. Pyle II]*

Ronald G. Pyle II

720 Bluefield ave,

Turlock, CA. 95382

209-505-7481

Service to:

FIRST NATIONAL COLLECTION BUREAU, INC.

610 WALTHAM WAY

SPARKS, NV. 89434