1

2

3

4

5

6

7

8

9

10

11

**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 12  RONALD G. PYLE II, | CASE NO. 1:12-cv-00288-AWI-SKO |
| 13             Plaintiff, | **ORDER DISMISSING PLAINTIFF'S** |
|  | **COMPLAINT AND GRANTING 30 DAYS** |
| 14      v. | **LEAVE TO AMEND** |
| 15  FIRST NATIONAL COLLECTION | (Docket No. 1) |
|     BUREAU, | |
| 16 | |
| 17             Defendant. | |
|  _____/ | |

18

19                          **I.    INTRODUCTION**

20         On February 27, 2012, Plaintiff Ronald G. Pyle II ("Plaintiff") filed this action against

21  Defendant First National Collection Bureau ("Defendant").  For the reasons set forth below,

22  Plaintiff's complaint (Doc. 1) is DISMISSED without prejudice and Plaintiff is granted leave to

23  amend.

24                     **II.    FACTUAL BACKGROUND**

25         Plaintiff brings this complaint pursuant to Title 15 Section 1681 for violation of the Fair

26  Credit Reporting Act ("FCRA").  (Doc. 1.) Plaintiff alleges that in July 2011, he received his credit

27  report from TransUnion, a major credit-reporting agency, and "discovered an entry by an entity that

28  was unknown within the credit report." (Doc. 1, ¶ 12.) Upon examination, Plaintiff determined that

1   Defendant "had obtained Plaintiff's private consumer credit report" in November 2009 "without

2   [Plaintiff's] expressed consent or permissible purpose." (Doc. 1, ¶ 13 (emphasis omitted).)

3          Plaintiff alleges that Defendant was "in violation of the FCRA, 15 U.S.C. § 1681b[,] by

4   obtaining Plaintiff's credit report without a permissible purpose from TransUnion, because at or

5   about the time that Defendant obtained Plaintiff's credit report, none of the specific and strictly

6   limited circumstances granting permissible purpose under section 1681b applied to Defendant."

7   (Doc. 1, ¶ 15 (emphasis omitted).)  Plaintiff alleges one count for violation of the FCRA through

8   "willful non-compliance" by Defendant, and seeks statutory damages in the amount of $1,000 and

9   costs. (Doc.1,  p. 4, ¶¶ 17-24.)

10                         **III.    DISCUSSION**

11  **A.      Screening Requirement**

12         In cases where the plaintiff is proceeding in forma pauperis, the Court is required to screen

13  each case and shall dismiss the case at any time if the Court determines that the allegation of poverty

14  is untrue or the action or appeal is frivolous or malicious, fails to state a claim upon which relief may

15  be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C.

16  § 1915(e)(2).  If the Court determines that the complaint fails to state a claim, leave to amend may

17  be granted to the extent that the deficiencies of the complaint can be cured by amendment.  *Lopez*

18  *v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).

19  **B.      Legal Standard for Screening**

20         In determining whether a complaint fails to state a claim, the Court uses the same pleading

21  standard used under Federal Rule of Civil Procedure 8(a).  Under Rule 8(a), a complaint must

22  contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.

23  R. Civ. P. 8(a)(2).  "[T]he pleading standard Rule 8 announces does not require 'detailed factual

24  allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me

25  accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550

26  U.S. 544, 555 (2007)).  "[A] complaint must contain sufficient factual matter, accepted as true, to

27  'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).  "[A]

28  complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short

1  of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550

2  U.S. at 557).  Further, although a court must accept as true all factual allegations contained in a

3  complaint, a court need not accept a plaintiff's legal conclusions as true.  *Id.*  "Threadbare recitals

4  of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

5  (quoting *Twombly*, 550 U.S. at 555).

6  **C.      Plaintiff Fails to Plead a Valid Claim for Violation of the FCRA**

7          Plaintiff alleges that Defendant willfully violated the FCRA by accessing his credit report

8  without his express consent or a permissible purpose. (Doc. 1, ¶¶ 13, 15, 17-24.) As such, Plaintiff

9  seeks statutory damages in the amount of $1,000.

10        **1.      Legal Standard**

11          Under the FCRA, "civil liability for improper use and dissemination of credit information

12  may be imposed only on a consumer reporting agency or user of reported information who willfully

13  or negligently violates the FCRA." *Rush v. Macy's New York, Inc.*, 775 F.2d 1554, 1557 (11th Cir.

14  1985) (citing 15 U.S.C. §§ 1681n and 1681o).  "The FCRA imposes civil liability on . . . users of

15  information that obtain credit reports of consumers for purposes not specified in § 1681b." *Hinkle*

16  *v. CBE Grp.*, No. CV 311–091, 2012 WL 681468, at *2, (S.D. Ga. Feb. 3, 2012) (citation omitted).

17          Section 1681b(f) provides as follows:

18          A person shall not use or obtain a consumer report for any purpose unless–

19          (1) the consumer report is obtained for a purpose for which the consumer report is authorized
            to be furnished under this section; and

20

21          (2) the purpose is certified in accordance with section 1681e of this title by a prospective user
            of the report through a general or specific certification.[1]

22  15 U.S.C. § 1681b(f).

23          The FCRA defines a consumer report as:

24          any written, oral, or other communication of any information by a consumer reporting agency
            bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general

25          reputation, personal characteristics, or mode of living which is used or expected to be used

26

27          [1] Section 1681e defines the procedures for certification.  "These procedures shall require that prospective users

28  of the information identify themselves, certify the purposes for which the information is sought, and certify that the
    information will be used for no other purpose."  15 U.S.C. § 1681e(a).

or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for--

(A) credit or insurance to be used primarily for personal, family, or household purposes;

(B) employment purposes; or

(C) any other purpose authorized under section 1681b of this title.

15 U.S.C. § 1681a(d)(1).

Section 1681b(a) provides the circumstances under which "any consumer reporting agency may furnish a consumer report." In relevant part, these circumstances include furnishing a report to a person to which the consumer reporting agency has reason to believe "intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer." 15 U.S.C. § 1681b(a)(3)(A).

Other permissible purposes under Section 1681b(a) for which a consumer report may be issued include in response to a court order, pursuant to written instructions of the consumer, for employment purposes, in relation to underwriting of insurance, for determination for eligibility for a license, for assessment of risk for an existing credit obligation, in relation to legitimate business needs initiated by the consumer, to review an account or to determine if the consumer meets the terms of the account, for the issuance of government sponsored travel charge cards, in relation to requests related to State or local child support enforcement, to an agency administrating a State plan under 42 U.S.C. § 654, and to certain agencies in preparation for appointment as a conservator, receiver, or liquidating agent. 15 U.S.C. § 1681b(a)(1)-(6).

**2.     Plaintiff Fails to Establish that Defendant's Conduct Was Impermissible Under the FCRA**

Plaintiff alleges that Defendant violated the FCRA "by obtaining Plaintiff's credit report without a permissible purpose from TransUnion, because at or about the time that Defendant obtained Plaintiff's credit report, none of the specific and strictly limited circumstances granting permissible purpose under section 1681b applied to Defendant." (Doc. 1, ¶ 15 (emphasis omitted).) Plaintiff's allegations fail to establish that Defendant's conduct was impermissible under the FCRA.

1    Plaintiff asserts claims against Defendant First National Collection Bureau, Inc.  (Doc. 1,

2    p. 1.)  Based on Defendant's name, Defendant appears to be a collection agency.  A collection agency

3    is permitted to obtain a consumer report if the agency is doing so for the purposes of collecting a

4    debt.  *See* 15 U.S.C. § 1681b(a)(3)(A).  "[O]ne of the 'permissible purposes' for obtaining a consumer

5    report under 15 U.S.C. § 1681b(a)(3)(A) would permit a collection agency retained by a creditor to

6    collect on an account of the consumer."  *Hinkle*, 2012 WL 681468, at * 3; *see also Chavez v.*

7    *Premier Bankcard, LLC*, No. 1:11–cv–01101 LJO GSA, 2011 WL 5417107, at * 3 (E.D. Cal. Nov.

8    8, 2011).  "Thus, if a collection agency – which Defendant appears to be . . . – is retained by a

9    creditor to collect a debt owed by a consumer, then it typically has a permissible purpose for

10    obtaining a consumer report in conjunction with its collection activities, so long as it seeks to use

11    information in connection with a transaction that the consumer initiated with the creditor."  *Hinkle*,

12    2012 WL 681468, at * 3.  Defendant's alleged actions thus appear to be permissible.

13    Further, Plaintiff's allegation that he "never at anytime had any business dealing or accounts

14    with the Defendant" fails to establish that Defendant's activities were impermissible.  (Doc. 1, ¶ 22.)

15    "[I]t is not necessary for Plaintiff to have had direct dealings with Defendant" in order for the

16    Defendant to lawfully obtain a consumer report.  *Hinkle* 2012 WL 681468, at *3.  Provided that

17    Defendant obtained Plaintiff's consumer report "in conjunction with its collection activities,"

18    Defendant acted with a permissible purpose under the FCRA.  *Hinkle* 2012 WL 681468, at *3; *see*

19    *also* 15 U.S.C. § 1681b(a)(3)(A).

20    As Defendant appears to be a collection agency, Plaintiff's conclusory allegations fail to

21    sufficiently set forth facts to establish that Defendant violated the FCRA.  Plaintiff fails to establish

22    that Defendant was not, in fact, a collection agency, or that Plaintiff did not owe any debt that

23    Defendant was seeking to collect on behalf of another entity.  Accordingly, Defendant, as a

24    collection agency, appears to have acted with a permissible purpose under the FCRA.

25

26    **3.**    **Plaintiff's Conclusory Allegations Fail to Establish Sufficient Facts that Defendant Violated the FCRA**

27    Even assuming that Defendant's conduct was not permitted under the FCRA, Plaintiff's

28    complaint only provides conclusory statements that Defendant violated 15 U.S.C. § 1681b by

1   obtaining Plaintiff's consumer report without a permissible purpose. (Doc. 1, ¶¶ 13, 15, 24.)

2   Plaintiff has not provided a factual basis to support his claim.  Plaintiff merely concludes that,

3   because Plaintiff did not owe Defendant any debt and Defendant purportedly obtained a copy of

4   Plaintiff's credit report, Defendant was in "willful violation of the FCRA." (Doc. 1, ¶¶ 16, 24.)

5          Plaintiff's conclusory statements and "allegations with respect to section 1681b do not contain

6   sufficient factual matter to 'state a claim to relief that is plausible on its face.'" *Chavez*, 2011 WL

7   5417107, at *3 (citing *Iqbal*, 129 S. Ct. at 1949); *see also Hinkle*, 2012 WL 681468, at *3

8   (recommending dismissal after screening due to the plaintiff's failure to provide "specific factual

9   allegations . . . or set forth necessary details concerning how actions undertaken by [the defendant]

10  may have violated the FCRA").  Merely "stating the legal conclusion that Defendant[] acted  . . .

11  wilfully" but failing to provide "any factual basis to support these causes of action" is insufficient.

12  *Chavez*, 2011 WL 5417107, at *4 (citing *Iqbal*, 129 S. Ct at 1949-50.)

13         Plaintiff's bare assertion that Defendant violated the FCRA, without providing a factual basis

14  for those assertions, does not sufficiently state a claim.  As noted above, "[t]hreadbare recitals of the

15  elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*,

16  129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555).

17
    **4.      Plaintiff's Conclusory Allegations Fail to Establish Willfulness Necessary for**
18          **Damages**

19         Even if Plaintiff had provided a factual basis to support his assertions, Plaintiff fails to allege

20  causation and damages necessary to state a viable claim for violations of the FCRA.  *See Gorman*

21  *v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1173-74 (9th Cir. 2009); *VanDyke v. Northern Leasing*

22  *System, Inc.*, No. CIV.S. 07-1877 FCD GGH PS, 2009 WL 3320464, at *4 (E.D. Cal. Oct. 14, 2009).

23  Plaintiff asserts a cause of action for Defendant's "willful non-compliance" with the FCRA. (Doc. 1,

24  ¶¶ 17-24.)  For willful violations of the FCRA, "the court may award either actual damages or

25  statutory damages which range from $100 to $1000 per consumer, as well as punitive damages,

26  costs, and attorney fees for willful violations of the statute. See, 15 U.S.C. § 1681n(a)." *Chavez*,

27  2011 WL 5417107, at *4.  However, "a plaintiff must affirmatively prove that he is entitled to these

28  damages." *Id*. (citing *Ruffin–Thompkins v. Experian Info. Solutions, Inc.*, 422 F.3d 603, 610 (7th

1   Cir.2005)).   Here, Plaintiff would have to allege a factual basis to show that Defendant acted

2   willfully in violation of the FCRA to establish a claim for statutory damages.

3        As noted above, Plaintiff only provides conclusory allegations of Defendant's willful

4   violation of the FCRA. "[S]ince Plaintiff has only alleged conclusory allegations for his claims of

5   willful misconduct, his claims for statutory and punitive damages pursuant to 15 U.S.C. § 1681n are

6   not cognizable." *Chavez*, 2011 WL 5417107, at *4 (citing *Ruffin–Thompkins*, 422 F.3d at 610).[2]

7
8   **D.   Amended Complaint Must Be Complete in Itself Without Reference to Any Prior
     Pleading**

9        For the reasons set forth above, Plaintiff's complaint is DISMISSED WITHOUT

10  PREJUDICE AND WITH LEAVE TO AMEND.   Plaintiff will be given an opportunity to amend

11  the deficiencies of the complaint.   If Plaintiff chooses to file a First Amended Complaint, it should

12  contain not only additional factual information as outlined above, but an explanation on how the

13  facts are a violation of the laws which serve as the basis of his claims.

14       Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in

15  itself without reference to any prior pleading.   As a general rule, an amended complaint supersedes

16  the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).   Once Plaintiff files an

17  amended complaint, the original pleading no longer serves any function in the case.   Therefore, in

18  an amended complaint, as in an original complaint, each claim and the involvement of each

19  defendant must be sufficiently alleged.   If Plaintiff fails to file an amended complaint or fails to cure

20  the deficiencies identified above, the Court will recommend that the complaint be dismissed with

21  prejudice.

22                       **IV.   CONCLUSION AND ORDER**

23       Accordingly, IT IS HEREBY ORDERED that:

24       1.     Plaintiff's complaint is DISMISSED WITHOUT PREJUDICE AND WITH LEAVE

25              TO AMEND; and

26  _____

27  [2] The Court recognizes that the FCRA also allows a plaintiff to sue for negligent violations of the statute; however, relief for negligent conduct is provided only if the plaintiff can show actual damages. 15 U.S.C. § 1681o.

28  Here, Plaintiff fails to allege any claim for actual damages and thus cannot meet the pleading standard for a negligent violation of the FCRA.

1    2.    Plaintiff SHALL file an amended complaint within thirty (30) days of the date of

2    service of this order.

3

4

5    IT IS SO ORDERED.

6    **Dated:    April 20, 2012**                              **/s/ Sheila K. Oberto**
                                                    UNITED STATES MAGISTRATE JUDGE
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28