Ronald G. Pyle II, Pro Se'
720 bluefield ave.
Turlock, Ca. 95382
guspyle@yahoo.com

RECEIVED MAY 17 2012
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY CLERK

FILED MAY 17 2012
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY CLERK

UNITED SATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

Ronald G. Pyle II,            ) Case No: 1:12-cv-00288-AWI-SKO
                              )
         Plaintiff,           )
                              )
     vs.                      )
                              )
FIRST NATIONAL COLLECTION     )
BUREAU, INC.                  )
         Defendant            )
                              )

FIRST AMENDED COMPLAINT FOR

VIOLATION OF THE FAIR CREDIT

REPORTING ACT

15 U.S.C. 1681 et seq.

---

**TO THE CLERK OF THE COURT AND TO THE DEFENDANT HEREIN:**

<u>PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL</u>

**Comes now** the Plaintiff Ronald G. Pyle II:

1. Plaintiff's Complaint is based on the Fair Credit Reporting Act (FCRA) 15 U.S.C. § 1681 et seq.

<u>**PRELIMI/INTEGRITYNARY STATEMENT**</u>

2. This is an action for statutory damages; brought for the willful violation of the Fair Credit Reporting Act (FCRA) 15 U.S.C. § 1681 et seq.

## JURISDICTION

3. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1681p and 28 U.S.C. §1331et seq.
4. All conditions precedent to the bringing of this action have been performed.

## PARTIES

5. The Plaintiff in this lawsuit is Ronald G. Pyle II, a natural person, who resides in Stanislaus County, California.
6. The Defendant in this lawsuit is FIRST NATIONAL COLLECTION BUREAU, INC. (hereinafter "FNCB or Defendant").A **third party debt collector**, with offices at: 610 Waltham way  Sparks, NV. 89434

## VENUE

7. The occurrences which give rise to this action occurred in Stanislaus County, California and Plaintiff resides in Stanislaus County, California.
8. Venue is proper in the Eastern District of California Fresno Division.

## FACTUAL ALLEGATIONS

9. On or about July of 2011 Plaintiff received his credit report (file #XXX415144) dated 07-01-2011, from a major credit-reporting agency TransUnion and discovered an entry by an entity that was unknown within the credit report.
10. Upon information and belief, Plaintiff found after examination of his TransUnion credit report that Defendant, "FNCB" had **obtained** Plaintiff's **private** consumer credit report on November of 2009 without his expressed consent or permissible purpose.
11. Discovery of violations brought forth herein occurred on or about July of 2011 and are within the statute of limitations as defined in FCRA, 15 U.S.C. § 1681p.
12. Defendant is in violation of the FCRA, 15 U.S.C. § 1681b by **obtaining** Plaintiff's credit report without a permissible purpose from TransUnion, because at or about the time that Defendant obtained Plaintiff's credit report, **none of the specific** and **strictly limited** circumstances granting permissible purpose under section 1681(b) applied to Defendant.
13. The FCRA in 15 U.S.C. §1681a(r)(4) defines what accounts have permissible purpose to obtain the consumer reports. These are: "The terms "account" and "electronic fund transfer" have the

same meanings as in section 1693a of this title. It states in 15 U.S.C. §1693a (2) the term "account" means a demand deposit, savings deposit, or other asset account (other than an occasional or incidental credit balance in an open end credit plan as defined in section 1602 (i) [1] of this title)

14. Therefore the open-ended credit plan with occasional or incidental balances, ie: **credit cards** are clearly **excluded** from the permissible purposes.

15. The definition of "account" clearly states that it must be a **demand deposit**, **savings deposit**, or other **asset account** of which the Plaintiff has never had at any time with the Defendant.

16. The Defendant was heard to say, during Plaintiff's attempt to mitigate the dispute on 2-10-2012, that they had a Providian credit card account in the Plaintiff's name, and the account was passed on to another debt collector.

17. The Defendant has absolutely **no** reason to believe that the Plaintiff has a contractual obligation or any expectation to pay the Defendant, who is a third party debt collector, or a permissible purpose under the FCRA to obtain the consumer's private credit files.

## COUNT I

### VIOLATION OF THE FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. §1681 WILLFUL NON-COMPLIANCE BY DEFENDANT "FNCB"

18. Paragraphs 1 through 17 are realleged as though fully set forth herein.

19. Plaintiff is a consumer within the meaning of the FCRA, 15U.S.C. § 1681a(c).

20. TranUnion is a credit reporting agency within the meaning of the FCRA, 15 U.S.C. § 1681a(f).

21. Consumer credit report is a consumer report within the meaning of FCRA, 15 U.S.C. §a (d).

22. The FCRA, 15 U.S.C. § 1681b defines the permissible purposes for which a person may obtain a consumer credit report.

23. Plaintiff has never at anytime had any business dealings or **accounts** with the Defendant "FNCB".

24. At no time did Plaintiff give his consent for Defendant "FNCB" to acquire his TransUnion consumer credit report from any credit reporting agency.

25. The action of Defendant "FNCB" **obtaining** the consumer credit report on November of 2009, **knowing** that it is for an alleged credit card account, and without a reasonable expectation of a

transaction or contractual obligation with the Plaintiff, and with no permissible purpose under the FCRA or Plaintiff's expressed consent, which is a willful violation of FCRA, 15 U.S.C. § 1681b and an egregious violation of Plaintiff's right to privacy.

**Wherefore, Plaintiff respectfully demands judgment of $1000.00, for statutory damages against Defendant "FNCB" and costs so determined by this Honorable Court pursuant to 15 U.S.C. § 1681n.**

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Respectfully submitted this 15th day of May 2012.

*[signature]*

Ronald G. Pyle II

720 Bluefield ave,

Turlock, CA. 95382

Service to:

FIRST NATIONAL COLLECTION BUREAU, INC.

610 WALTHAM WAY

SPARKS, NV. 89434