# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD G. PYLE II,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>FIRST NATIONAL COLLECTION BUREAU,<br><br>　　　　　　　Defendant.<br>　_____/ | CASE NO. 1:12-cv-00288-AWI-SKO<br><br>**FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF'S COMPLAINT BE DISMISSED WITH PREJUDICE**<br><br>(Docket No. 5)<br><br>**OBJECTIONS DUE: 21 DAYS** |

## I.　INTRODUCTION

On February 27, 2012, Plaintiff Ronald G. Pyle II ("Plaintiff") filed this action against Defendant First National Collection Bureau ("Defendant"). (Doc. 1.) On April 23, 2012, the Court dismissed Plaintiff's complaint without prejudice and with 30 days leave to amend. Plaintiff filed a first amended complaint ("FAC") on May 17, 2012.

For the reasons set forth below, the Court RECOMMENDS that Plaintiff's FAC be DISMISSED with prejudice and without leave to amend.

## II.　FACTUAL BACKGROUND

Plaintiff brings the FAC pursuant to Title 15 Section 1681 for violation of the Fair Credit Reporting Act ("FCRA"). (Doc. 5.) Plaintiff alleges that in July 2011, he received his credit report from TransUnion, a major credit-reporting agency, and "discovered an entry by an entity that was

unknown within the credit report." (Doc. 5, ¶ 9.) Upon examination, Plaintiff determined that Defendant "had obtained Plaintiff's private consumer credit report" in November 2009 "without [Plaintiff's] expressed consent or permissible purpose." (Doc. 5, ¶ 10 (emphasis omitted).)

Plaintiff alleges that Defendant was "in violation of the FCRA, 15 U.S.C. § 1681b[,] by obtaining Plaintiff's credit report without a permissible purpose from TransUnion, because at or about the time that Defendant obtained Plaintiff's credit report, none of the specific and strictly limited circumstances granting permissible purpose under section 1681b applied to Defendant." (Doc. 5, ¶ 12 (emphasis omitted).)

Plaintiff further alleges that "[t]he FCRA in 15 U.S.C. § 1681a(r)(4) defines what accounts have permissible purposes to obtain consumer reports." (Doc. 5, ¶ 13.) Plaintiff contends that the permissible accounts have "the same meaning as in section 1693a," which states that "the term 'account' means a demand deposit, savings deposit, or other asset account (other than an occasional or incidental credit balance in an open end credit plan as defined in section 1602(i)(1)." (Doc. 5, ¶ 13.) Plaintiff asserts "[t]herefore the open-ended credit plan with occasional or incidental balances, ie: credit cards[,] are clearly excluded from the permissible purposes." (Doc. 5, ¶ 14 (emphasis omitted).) Plaintiff alleges that "Defendant was heard to say, during Plaintiff's attempt to mitigate the dispute on 2-10-2012, that [Defendant] had a Providian credit card account in the Plaintiff's name, and the account was passed to another debt collector." (Doc. 5, ¶ 16.) As such, Plaintiff contends that he had no "contractual obligation or any expectation to pay the Defendant," and that Defendant had no "permissible purpose under the FCRA to obtain [Plainitff's] private credit files." (Doc. 5, ¶ 17.)

Plaintiff's FAC alleges one count for violation of the FCRA through "willful non-compliance" by Defendant, and seeks statutory damages in the amount of $1,000 and costs. (Doc.5, ¶¶ 18-25.)

### III. DISCUSSION

**A.  Screening Requirement**

In cases where the plaintiff is proceeding in forma pauperis, the Court is required to screen each case and shall dismiss the case at any time if the Court determines that the allegation of poverty

is untrue or the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). If the Court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).

**B.     Legal Standard for Screening**

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (quoting *Twombly*, 550 U.S. at 555).

**C.     Plaintiff Fails to Plead a Valid Claim for Violation of the FCRA**

Plaintiff's FAC alleges one cause of action for willful violation of the FCRA by Defendant for accessing Plaintiff's credit report without his express consent or permissible purpose. (Doc. 5, ¶¶ 10, 12, 18-25.) Plaintiff seeks statutory damages in the amount of $1,000. (Doc. 5, p. 4.)

**1.     Legal Standard**

Under the FCRA, "civil liability for improper use and dissemination of credit information may be imposed only on a consumer reporting agency or user of reported information who willfully or negligently violates the FCRA." *Rush v. Macy's New York, Inc.*, 775 F.2d 1554, 1557 (11th Cir.

3

1985) (citing 15 U.S.C. §§ 1681n and 1681o). "The FCRA imposes civil liability on . . . users of information that obtain credit reports of consumers for purposes not specified in § 1681b." *Hinkle v. CBE Grp.*, No. CV 311–091, 2012 WL 681468, at *2, (S.D. Ga. Feb. 3, 2012) (citation omitted) (report and recommendation adopted, No. CV 311-091, 2012 WL 676267 (S.D. Ga. Feb. 29, 2012)).

Section 1681b(f) provides as follows:

A person shall not use or obtain a consumer report for any purpose unless–

(1) the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section; and

(2) the purpose is certified in accordance with section 1681e of this title by a prospective user of the report through a general or specific certification.[1]

15 U.S.C. § 1681b(f).

The FCRA defines a consumer report as:

any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for--

(A) credit or insurance to be used primarily for personal, family, or household purposes;

(B) employment purposes; or

(C) any other purpose authorized under section 1681b of this title.

15 U.S.C. § 1681a(d)(1).

Section 1681b(a) provides the circumstances under which "any consumer reporting agency may furnish a consumer report." In relevant part, these circumstances include furnishing a report to a person whom the consumer reporting agency has reason to believe "intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer." 15 U.S.C. § 1681b(a)(3)(A).

---

[1] Section 1681e defines the procedures for certification. "These procedures shall require that prospective users of the information identify themselves, certify the purposes for which the information is sought, and certify that the information will be used for no other purpose." 15 U.S.C. § 1681e(a).

Other permissible purposes under Section 1681b(a) for which a consumer report may be issued include in response to a court order, pursuant to written instructions of the consumer, for employment purposes, in relation to underwriting of insurance, for determination of eligibility for a license, for assessment of risk for an existing credit obligation, in relation to legitimate business needs initiated by the consumer, to review an account or to determine if the consumer meets the terms of the account, for the issuance of government sponsored travel charge cards, in relation to requests related to State or local child support enforcement, to an agency administrating a State plan under 42 U.S.C. § 654, and to certain agencies in preparation for appointment as a conservator, receiver, or liquidating agent.  15 U.S.C. § 1681b(a)(1)-(6).

### 2. Defendant's Alleged Conduct is Permissible Under the FCRA

Plaintiff alleges that Defendant violated the FCRA "by obtaining Plaintiff's credit report without a permissible purpose from TransUnion, because at or about the time that Defendant obtained Plaintiff's credit report, none of the specific and strictly limited circumstances granting permissible purpose under section 1681b applied to Defendant." (Doc. 5, ¶ 15 (emphasis omitted).) However, as discussed below, Defendant's conduct, as alleged by Plaintiff, is permissible under the FCRA, and thus Plaintiff fails to state a viable claim.

#### a. Defendant is a Collection Agency

Plaintiff asserts claims against Defendant First National Collection Bureau, Inc., and states that Defendant is "[a] third party debt collector." (Doc. 5, ¶¶ 6, 17.)  As Plaintiff was informed in the April 2, 2012, Court order (*see* Doc. 4), a collection agency is permitted to obtain a consumer report for the purposes of collecting a debt.  *See* 15 U.S.C. § 1681b(a)(3)(A).  "[O]ne of the 'permissible purposes' for obtaining a consumer report under 15 U.S.C. § 1681b(a)(3)(A) would permit a collection agency retained by a creditor to collect on an account of the consumer." *Hinkle*, 2012 WL 681468, at * 3; *see also Chavez v. Premier Bankcard, LLC*, No. 1:11–cv–01101 LJO GSA, 2011 WL 5417107, at * 3 (E.D. Cal. Nov. 8, 2011).  "Thus, if a collection agency . . . is retained by a creditor to collect a debt owed by a consumer, then it typically has a permissible purpose for obtaining a consumer report in conjunction with its collection activities, so long as it seeks to use information in connection with a transaction that the consumer initiated with the creditor." *Hinkle*,

5

2012 WL 681468, at * 3.  Here, Plaintiff alleges that Defendant was attempting to collect on a debt owed for a Providian credit card account.  (Doc. 5, ¶ 16.)  Thus, provided that a credit card account is a permissible account under the FCRA (see discussion below), Defendant, as a collection agency, is permitted to obtain a consumer report under the FCRA while attempting to collect on a debt.  *See* 15 U.S.C. § 1681b(a)(3)(A).

Further, as Plaintiff was informed in the April 2, 2012, Court order (*see* Doc. 4), his allegation that he "never at anytime had any business dealing or accounts with the Defendant" does not establish that Defendant's activities were impermissible.  (Doc. 5, ¶ 23.)  "[I]t is not necessary for Plaintiff to have had direct dealings with Defendant" for the Defendant to lawfully obtain a consumer report.  *Hinkle* 2012 WL 681468, at *3.  Provided that Defendant obtained Plaintiff's consumer report "in conjunction with its collection activities," Defendant acted within a permissible purpose under the FCRA.  *Hinkle* 2012 WL 681468, at *3; *see also* 15 U.S.C. § 1681b(a)(3)(A).

      **b.**    **Obtaining Information to Collect a Debt on a Credit Card Account is Permissible**

Plaintiff's FAC relies on the contention that Defendant's activities to attempt to collect on a credit card account are impermissible under the FCRA.  Specifically, Plaintiff alleges in pertinent part:

> 13. The FCRA in 15 U.S.C. § 1681a(r)(4) defines what accounts have permissible purposes to obtain consumer reports.  These are: "The terms 'account' and 'electronic fund transfer' have the same meaning as in section 1693a of this title.["] It states in 15 U.S.C. § 1693a(2) the term "account" means a demand deposit, savings deposit, or other asset account (other than an occasional or incidental credit balance in an open end credit plan as defined in section 1602(i)(1) of this title[.]
>
> 14. Therefore the open-ended credit plan with occasional or incidental balances, ie: credit cards[,] are clearly excluded from the permissible purposes.
>
> 15. The definition of "account" clearly states that it must be a demand deposit, savings deposit, or other asset account of which the Plaintiff has never had at any time with the Defendant.

(Doc. 5, ¶¶ 13-15 (emphasis omitted).)  As such, Plaintiff asserts that a consumer report cannot be obtained for the purposes of collecting a debt on a credit card account, because a credit card account is not defined as a permissible account and is thus clearly excluded.

Plaintiff's assertion has been rejected by the courts. "The definition of 'account' in § 1681a(r)(4) provided by the plaintiff, however, is under a heading concerning 'Credit and debit related terms.' Plaintiff has made no showing that such usage of the term is applicable to the word 'account' as used in section 1681b(a)(3)(A), which does not deal with credits and debits." *DeMaestri v. Asset Acceptance Capital Corp.*, Nos. 11-CV-01671-72-WJM-MJW, 2012 WL 1229907, at *4 (D. Colo. Mar. 14, 2012) (report and recommendation adopted, *DeMaestri v. Asset Acceptance Capital Corp.*, 11-CV-01671-72 WJM-MJW, 2012 WL 1229940 (D. Colo. Apr. 12, 2012). Section 1681b pertains to permissible purposes of consumer reports and states in pertinent part that a report may be furnished to a person who "intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer." 15 U.S.C. § 1681b(a)(3)(A). "[C]ollection of a debt has been consistently found to be a permissible purpose for seeking a consumer's credit report under § 1681b(a)(3)(A)." *DeMaestri*, 2012 WL 1229907, at *4.

Several courts have found that obtaining a consumer credit report in an attempt to collect on a credit card account debt is permissible under Section 1681b. *See*, *e.g.*, *Huertas v. Galaxy Asset Mgmt.*, 641 F.3d 28, 34 (3d Cir. 2011) (The Plaintiff had "accumulated credit card debt" that led to the defendant "ultimately . . . accessing [the plaintiff's] credit report to collect on his delinquent accounts. Section 1681b(a)(3)(A) authorizes the use of consumer information under such circumstances."); *Rodriguez v. Cavalry Portfolio Servs., LLC*, No. 11-CV-1837-LAB-MDD, 2012 WL 726474, at *1 (S.D. Cal. Mar. 6, 2012) (The plaintiff "alleges that [the defendant] pulled his credit report for an improper purpose. He is wrong. A debt collector may access a consumer's credit report in the course of collecting a credit card debt from that consumer."); *Miller v. Rubin & Rothman, LLC*, No. CIV. 10-2198 MJD/JJK, 2011 WL 4359977, at *3-*4 (D. Minn. Sept. 19, 2011) (finding that the defendant obtaining consumer reports in an attempt to collect on plaintiff's Capital One credit card account debt "was made with a permissible purpose under 15 U.S.C. § 1681b(a)(3)(A)"); *Miller v. Wolpoff & Abramson, LLP*, No. 1:06-CV-207-TS, 2007 WL 2694607, at *11 (N.D. Ind. Sept. 7, 2007), *aff'd*, 309 F. App'x 40 (7th Cir. 2009) (finding that the defendant's

7

obtaining a consumer report in an attempt to collect on a Providian credit card debt was permitted under Section 1681b(a)(3)(A) as "debt collection").

In an unpublished Ninth Circuit opinion, the court held that "requesting a credit report with the intent to collect on a debt is among the 'permissible purposes' listed in the FCRA. 15 U.S.C. § 1681b(a)(3)(A)." *Thomas v. U.S. Bank, N.A.*, 325 F. App'x 592, 593 (9th Cir. 2009).[2] The defendant in *Thomas* was attempting to collect on a debt owed by the plaintiff for a Visa credit card account. *See Thomas v. U.S. Bank, N.A.*, No. CV 05-1725-MO, 2007 WL 764312. At *1 (D. Or. Mar. 8, 2007) (establishing that the debt was for a Visa credit card).

Plaintiff's contention that Defendant could not obtain Plaintiff's credit report to collect credit card account debt is "baseless." *See DeMaestri*, 2012 WL 1229907, at *5 (finding that if Section 1681 b(a)(3)(A) is "[r]ead correctly," a defendant is permitted to obtain a plaintiff's consumer report for the purpose of collecting a credit card debt).

### c. Conclusion

Plaintiff's only claim is for violation of the FCRA. (Doc. 5.) Although Plaintiff alleges that Defendant willfully violated the FCRA by obtaining Plaintiff's consumer report for an impermissible purpose, the facts set forth by Plaintiff belie this allegation. Plaintiff alleges that Defendant is a debt collection agency. (Doc. 5, ¶¶ 6, 17.) As such, Defendant is generally permitted to obtain Plaintiff's credit report for the purpose of collecting a debt. 15 U.S.C. § 1681b(a)(3)(A). Plaintiff further asserts that Defendant was not permitted to obtain Plaintiff's credit report because the account in question, a Providian credit card account, was not defined as an account for which Defendant was permitted to seek information. (Doc. 5, ¶¶ 12-17.) Plaintiff's assertion is incorrect. As set forth above, obtaining a credit report in an attempt to collect on credit card account debt has been found to be permissible under 15 U.S.C. § 1681b(a)(3)(A). *See, e.g., Huertas*, 641 F.3d at 34; *DeMaestri*, 2012 WL 1229907, at *4-*5; *Rodriguez*, 2012 WL 726474, at *1; *Rubin & Rothman, LLC*, 2011 WL 4359977, at *3-*4; *Wolpoff & Abramson, LLP*, 2007 WL 2694607, at *11; *Thomas*, 325 F. App'x at 593.

---

[2] While the Court recognizes that *Thomas* is not binding precedent, the case may be cited for its persuasive value. *See* Ninth Cir. Rule 36-3(a)-(b).

1    As such, Plaintiff has failed to properly plead a claim since Defendant's conduct, as alleged
2 by Plaintiff, is permissible under the FCRA.  Accordingly, Plaintiff's FAC should be DISMISSED.
3 **D.    Leave to Amend Should Not Be Granted**
4    Although Plaintiff was previously informed by the Court why his claims are deficient and
5 was provided an opportunity to amend, he has been unable to amend his complaint to state a
6 cognizable claim, indicating an inability to do so.  As such, the Court recommends that Plaintiff's
7 complaint be dismissed with prejudice and without leave to amend.  *See McHenry v. Renne*, 84 F.3d
8 1172, 1177 (9th Cir. 1996) (dismissal with prejudice appropriate where deficiencies of complaint
9 were explained, time was afforded to amend, and the plaintiff was warned that failure to cure
10 deficiencies would result in dismissal).

## IV.    CONCLUSION AND ORDER

12    Accordingly, IT IS HEREBY RECOMMENDED that Plaintiff's first amended complaint be
13 DISMISSED with prejudice and without leave to amend.
14    These findings and recommendations are submitted to the district judge assigned to this
15 action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within twenty-one
16 (21) days of service of this recommendation, any party may file written objections to these findings
17 and recommendations with the Court and serve a copy on all parties.  Such a document should be
18 captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge
19 will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C.
20 § 636(b)(1)(C).  The parties are advised that failure to file objections within the specified time may
21 waive the right to appeal the district judge's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

23 IT IS SO ORDERED.

24 **Dated:   November 7, 2012**              /s/ Sheila K. Oberto
                                   UNITED STATES MAGISTRATE JUDGE